TARRANT COUNTY WATER CONTROL & IMPROVEMENT DISTRICT
No. 1 v. CLAUDE POLLARD, ATTORNEY-GENERAL.

No. 5154. Decided January 2, 1929.
(12 S. W., 2d Series, 137.)

*Sidney L. Samuels* and *Ireland Hampton,* for relator.

*D. L. Whitehurst,* Assistant Attorney-General, for respondent.

MR. PRESIDING JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

The Supreme Court, having granted the Tarrant County Water Control & Improvement District No. 1 permission to file its petition for a writ of mandamus to issue to the Attorney General, the Honorable Claude Pollard, requiring him to approve certain of its bonds and to certify the same to the comptroller for registration, and the Attorney General having waived the issuance of notice of the filing of said motion and having filed his answer thereto, upon a hearing before Section B of the Commission of Appeals, to which the matter was referred upon a consideration thereof, we have reached the conclusion that the law of the case is with the petitioner, under the pleadings on file.

The petitioner, in support of its motion, says it is a governmental agency, body politic and corporate, with lawful authority to issue bonds in the amount stated therein, the approval and certification of which are sought and to which it is entitled by reason of allegations to the effect that each and every requirement of the law by virtue of which it has the authority to issue the bonds has been followed, the particular acts required by the law, being stated under oath, and a duplicate of the transcript of the bond record presented to the Attorney General, being also attached to the motion.

It is alleged that petitioner was created and established as a Water Improvement District, by an election held on October 7, 1924, by virtue of the provisions of Chapter 87 of the Acts of the Thirty-Fifth Legislature and the several amendments thereto, enacted prior to the date of the election, by virtue of the result of which petitioner was created and given the power authorized by Section 5 of Article 16 of the Constitution.

It is further alleged that petitioner, through the Board of Directors, did, on June 19, A. D. 1925, acting under the powers granted by Section 143 of Chapter 25, of an Act of the Thirty-Ninth Legislature, adopt a resolution declaring such district to be a Water Control and Improvement District, to be therefore controlled by said Chapter 25, which resolution was entered upon the minutes of the District and notice of its adoption was duly published in conformity with the provisions of Section 143; that in pursuance of a petition of 22 qualified voters of the district, protesting against the adoption of said resolution, in full compliance with the law, the question of confirmation of the conversion of the district was submitted to the qualified voters thereof, at an election held on January 12, 1926, at which a majority of said voters voted to confirm and approve said order for the conversion of said district, by reason whereof, the said "Tarrant County Water Improvement District No. 1," on June 19, 1925, became "Tarrant County Water Control and Improvement District No. 1" and to be governed by the provisions of said Chapter 25.

Petitioner further alleged certain acts excluding certain lands for certain reasons, the authority of which is given by Section 42 of Chapter 25 and the provisions of Section 76 of said Chapter, after hearings were granted and evidence presented concerning the benefits or absence of benefits to each particular block of property as well as concerning the exclusion or retention thereof, after which action excluding and retaining particular parcels of property, there

remained 31,000 acres of rural valley land which could be relieved, as to floods, and for which provision could be made for irrigation by the works, as proposed to be constructed by the petitioner, exclusive of the entire city of Fort Worth, which was included in the boundary of the District.

It is alleged that "all acts and things requisite to the lawful creation of this district, the elimination of lands therefrom, the creation of obligations of the district and the levy of taxes within the district have been in all things, done in a manner valid and in conformity to the Constitution and applicable laws of the State of Texas."

The petitioner also alleged that while there were pending contests, seeking the exclusion of certain lands and attacking the validity and conversion of the district, that the suits in which these contests were sought have been dismissed, none being on the docket of any court at the time the Act of the Fortieth Legislature, First Called Session, became effective, which Act validated all things done by the District prior to the date said act became effective and that said pending suits were inoperative as a bar to the validated act of the district, in accordance with the provision thereof.

It is also alleged by petitioner that after all petitions for the exclusion of land had been considered and final orders therein had been entered, the boundaries of the district were specifically established in conformity to law, an adequate description of which was duly filed in the records of Tarrant County.

It is further alleged that the district was created by a vote of the fully qualified voters, and at the same time the voters, by an election held, authorized the issuance of preliminary notes in a maximum sum of $150,000 to be used, if required, in making preliminary surveys and developing plans for construction of such work as might be deemed necessary and feasible, a part of which has been sold, and proceeds use legitimately, and that on August 26, 1927, the Board of Directors duly entered an order for an election to be held on October 8, 1927, to determine whether the works proposed should be constructed, and whether there should be issued bonds in the maximum sum of $6,500,000, together with a levy of a tax sufficient to create an interest and sinking fund adequate for the payment of the bonds proposed, notice of which was duly given, and an election was duly held, resulting in favor of the issuance of the bonds, and in favor of the levy of the tax, by a majority of the qualified voters, whereby it became the lawful duty of the Board of Directors to issue said bonds, and proceed with the construction of

the said works, all of which was done, and in pursuance of which the bonds, the approval of which is in question, have been duly issued and duly presented for approval and certification to the Attorney General, to the extent of $2,000,000.

Certain other matters are alleged to the effect that much injury would result to the property of the District should the Attorney General decline to approve the bonds and enter of record his certificate authorizing the Comptroller to register them; it being also alleged that the State Board of Water Engineers had approved the project of the District, and had also approved the issuance of bonds for such improvement, and had made full written report thereon, filing the same in its office and furnishing a copy of it to the Board of Directors of the District.

Finally it is alleged that the refusal of the Attorney General, to approve the transcript of the bond record and certify to the Comptroller the validity of the bonds, is without warrant of law, and that his refusal, if not controlled by the mandate of the Supreme Court, will work an irreparable injury to the lawful rights of the petitioner and its constituent property owners.

There is a prayer for the issuance, by the Supreme Court of its writ of mandamus, directed to the Honorable Claude Pollard, as Attorney General of the State of Texas, directing him to approve the validity of the bonds proposed to be registered and sold by petitioner, and further directing him to certify such approval to the Comptroller of the State. The answer of the Respondent, the Honorable Claude Pollard, Attorney General of Texas, besides a general demurrer and a general denial, is in the following language:

"Respondent admits that said transcript of the bond record and said bonds proposed to be sold thereunder affirmatively discloses that the Tarrant Water Control & Improvement District (designated before its conversion into a water control and improvement district as Tarrant County Water Improvement District No. 1, as provided for by Chapter 87 of the Acts of the 35th Legislature) has in all things substantially complied with the provisions of said Chapter 87 of the Acts of the 35th Legislature of Texas, the various acts amendatory thereof; the 25th chapter of the Acts of the 39th Legislature and the amendment thereof as contained in Chapter 107 of the acts of the 40th Legislature of Texas, First Called Session; that all proceedings specified by said acts have been substantially complied with in the manner and form by said act required; that said transcript discloses all facts material to the validity

of the bonds proposed to be registered and sold by said district; that all proceedings necessary to the validity of said bonds have been taken by said Tarrant County Water Control & Improvement District No. 1 as provided by the laws of Texas, unless such proceedings are illegal for the reasons set forth in the case of San Saba County Water Control & Improvement District No. 1, et al., Appellants, v. I. C. Sutton, et al., Appellees, in an opinion rendered by the Honorable Court of Civil Appeals for the Third Judicial District of Texas in said case, under Docket No. 7233, in which said Court holds that Chapter 25 of the 39th Legislature of Texas is as to certain material provisions of said act void because said material provisions of said act contravene Section 19 of Article 1 of the Constitution of Texas, and the 14th Amendment to the Constitution of the United States; that said decision of the Court of Civil Appeals is involved in a petition for a writ of error pending upon the docket of the Supreme Court of Texas; that by reason of said decision Respondent has refused to approve the transcript furnished by said Tarrant County Water Control & Improvement District No. 1 and the bonds sought to be issued thereby."

The opinion in the case mentioned in the answer of the Attorney General, by the Court of Civil Appeals holds that the Act of the Thirty-Ninth Legislature, being Chapter 25 of the General Laws of that Legislature, and by virtue of which, in part, petitioner claims the right to have the Attorney General approve the bonds mentioned in its petition, is void under the due process of law clauses of the Federal and State Constitution, in that, the act does not provide for an adequate hearing to landowners in the district with reference to benefits and boundaries. 8 S. W., (2d) 319. The Supreme Court, having granted to the District, in that case, a writ of error, and it having been referred to this Section of the Commission, it was heard in connection with the case under discussion. Reference to the opinion in that case, written by Judge Speer, 12 S. W., 2d series, page 134, discloses that the opinion to which the Attorney General, in his answer refers, has been held to be incorrect, and that the law discussed by that opinion and held to be invalid by that Court, is in all respects a valid one, the reasoning in support of the validity of the law being to the effect that the language of Section 19, held to be decisive of the question by the Court of Civil Appeals, while susceptible of two reasonable interpretations, one of which would destroy the legal effect of the act, and the other of which

would uphold it, under the general rule of construction that interpretation must be given which will uphold its validity.

In view of the nature of the answer of the Respondent, who is charged by the law with the responsibility of protecting the interests of the State, and of its citizens, and of the disposition which has been made of the law questions involved in the case mentioned in his answer, we deem further discussion of the issue made by the pleadings of the parties to this proceeding unprofitable. Kindred questions to those involved herein are discussed in the following cases in which the opinions were written by Chief Justice Cureton, the conclusions reached being in harmony with that reached in that of San Saba County Water Control & Improvement District No. 1 v. I. C. Sutton, supra, to-wit: Rutledge v. State, 117 Texas, 342, 7 S. W., (2d) 1071; Trimmier v. Carlton, 116 Texas, 572, 296 S. W., 1070.

We recommend that the writ be awarded in accordance with the prayer of petitioner.

The opinion of the Commission of Appeals is adopted and mandamus awarded.

*C. M. Cureton,* Chief Justice.