STATE of Texas ex rel. CITY OF AZLE, Appellants,

v.

CITY OF SANCTUARY, Appellee.

No. 17193.

Court of Civil Appeals of Texas, Fort Worth.

April 23, 1971.

Rehearing Denied May 28, 1971.

Alex Tandy, County Atty., Parker County, Weatherford, George C. Thompson, Jr., City Atty., City of Azle, Fort Worth, and Wynn, Irby, Brown, McConnico & Mack, and John Randolph Thompson, Jr., Fort Worth (this firm on appeal only), for appellants.

Fulgham, Grogan & Vick, Weatherford; Rattikin & Honts, Owens & Fortney, and Richard Owens, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a quo warranto proceeding filed by the State of Texas, as plaintiff, on the relation of appellant, City of Azle, Texas, attacking the validity of the incorporation of appellee, City of Sanctuary, as a municipality. Both Azle and Sanctuary are in Parker County.

The case was tried to a jury. It found (1) that the purported incorporation of the City of Sanctuary on May 3, 1969, included land area in its incorporation which was located within one-half mile of the then existing city limits of Azle, Parker County, Texas; and (2) that ten (10) days public notice was not given before the election being held for the incorporation of the City of Sanctuary.

After such verdict had been received and filed the court granted the defendant's motion for judgment non obstante veredicto and decreed that plaintiffs take nothing by this lawsuit. From that judgment this appeal has been perfected.

The State of Texas did not participate in the trial and has not filed a brief in the cause on this appeal.

We affirm.

The failure of the incorporators of the City of Sanctuary to obtain consent from the City of Azle for the incorporation of Sanctuary is the primary basis relied upon by Azle in its efforts to invalidate and set aside the incorporation of Sanctuary.

Section 8, subd. A of Article 970a, Veron's Ann.Civ.St., The Municipal Annexation Act, provides that, "No city may be incorporated within the area of the extraterritorial jurisdiction of any city without the written consent of the governing body of such city." Section 2, subd. C of the Act provides that, " 'Written consent' means consent expressed by an ordinance or resolution."

It is undisputed that the City of Sanctuary did not make any request of Azle for its consent and that Azle did not consent by ordinance or resolution to the incorporation of Sanctuary.

In oder to prevail in this cause it was essential for Azle to establish that it was a city under Art. 970a, The Municipal Annexation Act, Section 2, subd. A, of which defines a city as any incorporated city, town or village. This it failed to do. It did not allege that it was incorporated. Its secretary testified that it was not incorporated.

In the present case it was alleged by Azle that it had a population of less than 5,000

inhabitants. Under Section 3, subd. A of Art. 970a the extraterritorial jurisdiction of a city with less than 5,000 inhabitants would consist of all of the contiguous unincorporated area within one-half (½) mile of its corporate limits.

Azle had no corporate limits. Only a duly incorporated town is embraced within definite metes and bounds. Unless it is incorporated a city, town or village has no defined boundaries. Ralls v. Parrish, 105 Tex. 253, 147 S.W. 564, 566 (1912).

We find and hold that under the facts of this case Azle was not a city as above defined and therefore had no authority to act as such under Article 970a. We further hold, for the same reason, that the City of Azle had no extraterritorial jurisdiction under 970a or under the common law. For these reasons the City of Sanctuary was not required to obtain Azle's consent for its incorporation.

All points have been considered. Some of them have been discussed. All of them are overruled.

The judgment of the trial court is affirmed.