CITY OF **AZLE**, Texas, Relator,

v.

Crawford C. **MARTIN**, Respondent.

No. B–2994.

Supreme Court of Texas.

Oct. 20, 1971.

Garrett & Nation, Fred D. Nation, Jr., Fort Worth, Dumas, Huguenin & Boothman, Ed Esquivel and Elbert M. Morrow, Dallas, for relator.

Crawford C. Martin, Atty. Gen., Bob Davis, Asst. Atty. Gen., Austin, for respondent.

POPE, Justice.

The City of Azle seeks a writ of mandamus directing the Attorney General to approve the issuance of revenue bonds in the sum of $1,050,000. The bonds are designated as City of Azle, Texas, Waterworks and Sewer System Revenue Bonds, Series 1971. Acting under the provisions of Articles 709 and 1114, Vernon's Tex.Civ.Stats., City of Azle presented the bonds to the Attorney General, and he refused to approve them upon the grounds that the re-

cent decision in City of Azle v. City of Sanctuary, 467 S.W.2d 211 (Tex.Civ.App. 1971, writ ref. n. r. e.) holds that Azle is not a lawfully incorporated city.

Azle and the Attorney General have made stipulations about the relevant facts and the record before us supports each of the stipulations. On August 25, 1971, Azle submitted the record of the bond proceedings to the Attorney General for his approval. It is agreed that the proceedings relating to the authorization of the bonds were in order and in proper form. The parties are in further agreement about the true facts concerning the incorporation of Azle. Chronologically stated, those facts include the following: On March 15, 1957, a proper application for an incorporation election for the City of Azle was presented to the County Judge of Tarrant County. The judge ordered an election which was duly held on April 13, 1957, with a majority of the qualified voters approving incorporation. The County Judge certified the validity of the election by his order of April 23, 1957. See Articles 1134, 1136, and 1139, Vern.Tex.Civ.Stats. On February 11, 1958, the governing body of the municipality passed an ordinance, adopting and accepting the provisions of Title 28 of the Revised Civil Statutes of Texas. It is further agreed and the record shows that Azle's incorporation as a general law city was thereafter validated by Articles 966e, 966f, and 966g, Vern.Tex.Civ.Stats. On August 4, 1970, Azle passed a resolution calling a bond election for August 29, 1970. Thereafter, on September 1, 1970, the City Council duly convened, canvassed the returns of the election, and declared the results in favor of the bond issue.

On August 24, 1971, the City Council passed an ordinance authorizing the issuance of the bonds which are here in question. In the meantime, Azle had taken the steps leading up to an election on the adoption of a city charter so it could operate under the Home Rule Amendment. Art. XI, Sec. 5, Tex.Const. Vernon's Ann.St. The election was held on April 3, 1971, but

the city did not formally pass an ordinance declaring the adoption of the city charter until September 21, 1971.

The transcript of the bond record and the agreed facts show that Azle has continuously since 1958 been a duly incorporated city, first as a general law city and then, later, without any interim gap, as a home rule city. All of the steps concerning the bond election and the issuance of the bonds occurred while the city was acting as a general law city.

The Attorney General has refused to approve the bonds, not by reason of the proof made to him, but because of the recent decision in City of Azle v. City of Sanctuary, supra. That opinion contains some language which states that Azle was not an incorporated city during 1969, which was a short time before the events out of which this mandamus action arose. The case needs some analysis.

The State, on relation of City of Azle, challenged the validity of the incorporation of City of Sanctuary. Azle's contention was that Sanctuary impinged upon its extraterritorial jurisdiction and had done so without obtaining the written consent of Azle as required by Section 8 A of Article 970a. Vern.Tex.Civ.Stats. According to the opinion of the court of civil appeals, Azle did not allege or prove that it was an incorporated city. We refused to grant the application for writ of error, finding no reversible error in the rulings of the lower court. A review of the record in that prior case reveals that it was not an adjudication that Azle is not a duly incorporated city. The case merely stands for the finding that Azle failed either to allege or prove the fact of its incorporation, a condition precedent to its right of recovery.

Unlike Azle v. City of Sanctuary, the undisputed record and proof before us and the Attorney General is that Azle was duly incorporated as a general law city at the time of the initiation of the bond proceedings and continuously thereafter, up to the present time. We accordingly grant the prayer of City of Azle for a writ of mandamus directing the Attorney General to approve the bond issue. See, Harris County Fresh Water Supply District No. 55 v. Carr, 372 S.W.2d 523 (Tex.1963); Tarrant County Water Control and Improvement District No. 1 v. Pollard, 118 Tex. 138, 12 S.W.2d 137 (1929).

We conclude that Azle's prayer for the writ of mandamus to approve the bonds is proper. We are confident that the Attorney General will abide by our decision. A writ of mandamus will issue only if he does not do so.

WALKER, Justice (concurring).

Since there is no dispute between the parties as to whether the bond record shows that Azle is duly incorporated, I wish to reserve that question. It seems to me that any attempt to write an advisory opinion in the context of a nonadversary proceeding is unwise at best.

The only reason given by the Attorney General for his refusal to approve the bonds is that the decision in State ex rel. City of Azle v. City of Sanctuary, Tex. Civ.App., 467 S.W.2d 211 (wr. ref. n. r. e.), clouds the incorporation question. I agree with the Court that the cited case was not an adjudication that Azle is not a duly incorporated city, and I accordingly concur in the order granting the petition for a writ of mandamus.