Juan **FONSECA** et al., Plaintiffs-Appellants,

v.

**HIDALGO COUNTY WATER IMPROVEMENT DISTRICT NO. 2 et al.,**
Defendants-Appellees.

No. 73–3556.

United States Court of Appeals,
Fifth Circuit.

June 17, 1974.

David G. Hall, American Civil Liberties Union Foundation-South Tex. Project, San Juan, Tex., Melvin Wulf, Sanford J. Rosen, Burt Neuborne, American Civil Liberties Union, New York City, for plaintiffs-appellants.

Vilma S. Martinez, Sanford Jay Rosen, San Francisco, Cal., George J. Korbel, San Antonio, Tex., amicus curiae.

Morris Atlas, Harry L. Hall, McAllen, Tex., for defendants-appellees.

Before TUTTLE, COLEMAN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Plaintiffs filed this class action for declaratory and injunctive relief on their own behalf and on behalf of all of those persons residing within the corporate territory of defendant water district, duly qualified voters under the laws of the State of Texas who desired to vote for plaintiffs as candidates for the offices of directors of defendant water district.[1] Plaintiffs seek thus to represent a class of poor Mexican-American farm workers who live in unincorporated rural communities known as colonias. They desire by their election as directors of the defendant water district to change the policy of providing water primarily for irrigation purposes and to cause the eventual development of municipal fresh water supplies to residents of the colonias.

Plaintiffs seek to set aside the election for directors of defendant water district, to have another election ordered, and to enjoin defendants from refusing to print their names on the ballot for the offices of directors of the water district. In their suit plaintiffs attack the constitutionality of section 51.072, Texas Water Code, V.T.C.A. (1972), which states that to be qualified for election as a director of a water district a person must be a resident of the state, own land subject to taxation in the district, and be at least 21 years of age.[2] They contend that the statutory requirement that a director own taxable land in the district establishes a constitutionally impermissible precondition for running for office, i. e., the basis of wealth, and infringes on the rights of potential electoral supporters by denying such voters an opportunity to vote for candidates of their choice, in violation of the equal protection clause of the Fourteenth Amendment. They cite in support of

---

1. This is a companion case to Jimenez v. Hidalgo County Water Improvement District No. 2 et al., No. 73–3557, 496 F.2d 113, decided by this Court today.

2. Texas Water Code (1972) section 51.072 reads in full as follows:

   To be qualified for election as a director, a person must be a resident of the state, own land subject to taxation in the district, and be at least 21 years of age.

these contentions Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) and Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969). The district court held that the constitutional attack was insubstantial and rejected plaintiffs' demands, and they bring this appeal.

■ Initially we must determine whether plaintiffs filed their candidacies within the 20-day time limit prescribed by Texas law, section 51.075, Texas Water Code (1972).[3] The defendants urge that under general Texas law, as interpreted by that state's highest court, both the first and last days of the time limit for qualifying are included and the plaintiffs therefore filed the candidacies within 19 days rather than 20 days as required by the statute. However, section 1.002 of the Texas Water Code[4] states that the Texas Code Construction Act (article 5429b–2, Vernon's Tex.Ann. Civ.St.) applies to each provision of the Code, and under the provisions of section 2.04(a) of the latter act, "in computing a period of days, the first day is excluded and the last day is included."[5] Thus plaintiffs' candidacies were timely filed under these Texas statutes.

We are urged by defendants to hold that there is no substantial constitutional question presented in the requirement of section 51.072 that candidates for directors be owners of taxable property within the water district, and they cite Salyer Land Co. v. Tulare Lake Basin

Water Stor. Dist., 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973), and Associated Enterprises, Inc. v. Toltec District, 410 U.S. 743, 93 S.Ct. 1237, 35 L. Ed.2d 675 (1973), recent decisions of the Supreme Court, in support of their contention. The Supreme Court held that in certain special limited purpose irrigation districts (in California and Wyoming), which were involved in these cases, the franchise could be limited to landowners.

Plaintiffs contend that there are substantial differences between these Supreme Court rulings and the present case. In *Salyer, supra,* the Supreme Court pointed out that the district, "although vested with some typical governmental powers, has relatively limited authority," whose primary purpose is to provide water for farming but "[i]t provides no other general public services such as schools, housing, transportation, utilities, roads or anything else of the type ordinarily financed by a municipal body." *Id.,* 410 U.S. at 728–729, 93 S.Ct. at 1230. Plaintiffs, on the other hand, point out that Texas WCIDs have broad power and authority similar to that of a municipality. They assert that section 51.121 of the Texas Water Code details many of these broad purposes which include not only control and distribution of water for irrigation purposes but also for all other useful purposes, including reclamation, drainage, conservation and development of forests, water and hydroelectric power, as well as navigation of coastal and inland waters, etc.[6]

---

3. Texas Water Code (1972) section 51.075 reads in full as follows:

    A candidate for the office of director or other elective office may file an application with the secretary of the board to have his name printed on the election ballot. The *application must be signed by* the applicant or by at least 10 qualified electors of the district and must be filed at least 20 days before the date of the election.

4. Texas Water Code (1972) section 1.002 reads in full as follows:

    The Code Construction Act (Article 5429b—2, Vernon's Texas Civil Statutes) applies to the construction of each provi-

sion in this code, except as otherwise expressly provided by this code.

5. Texas Code Construction Act section 2.-04(a) [Vernon's Texas Annotated Civil Statutes article 5429–b] reads in full as follows:

    In computing a period of days, the first day is excluded and the last day is included.

6. Section 51.121 of the Texas Water Code reads in full as follows:

    (a) A water control and improvement district organized under the provisions of Article III, Section 52, of the Texas Constitution, may provide for:

    (1) the improvement of rivers, creeks, and streams to prevent overflows, to per-

There are other sections of the Texas Water Code which extend the broad purposes enumerated, such as, for example, sections 51.122, 51.137, 51.402 and others.

In Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36, the Supreme Court summarized the tests which must be met to conclude that a constitutional attack is insubstantial and that the convening of a three-judge court is accordingly not required. The Supreme Court said:

> Title 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial. "Constitutional insubstantiality" for this purpose has been equated with such concepts as "essentially fictitious," Bailey v. Patterson, 369 U.S. [31], at 33, 82 S.Ct. [549], at 551 [7 L.Ed.2d 512]; "wholly insubstantial," *ibid.*; "obviously frivolous," Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); and "obviously without merit," Ex parte Poresky, 200 U.S. 30, 32, 54 S.Ct. 3, 4–5, 78 L.Ed. 152 (1933). The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' " Ex parte Poresky, *supra*, at 32, 54 S.Ct., at 4, quoting from Hannis Distilling Co. v. Baltimore, *supra*, 216 U.S., at 288, 30 S.Ct., at 327; see also Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105–106, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); McGilvra v. Ross, 215 U.S. 70, 80, 30 S. Ct. 27, 31, 54 L.Ed. 95 (1909).

*See also* our recent comprehensive decision on this subject in Sands v. Wainwright, 5 Cir., 1973, 491 F.2d 417.

We are unable to say, under these tests, that plaintiffs' assertion of the unconstitutionality of section 51.072 of the Texas Water Code requiring that a candidate for water district director be a freeholder, is insubstantial and does not require the convening of the three-judge court under 28 U.S.C. § 2281. Despite the *Salyer* and *Associated Enterprises* decisions, we cannot say that the attack upon the statute is "essentially fictitious," "wholly insubstantial," "obviously frivolous," "obviously without merit," or that "its unsoundness so

---

mit navigation or irrigation, or to aid in these purposes; or

(2) the construction and maintenance of pools, lakes, reservoirs, dams, canals, and waterways for irrigation, drainage, or navigation, or to aid these purposes.

(b) A water control and improvement district organized under the provisions of Article XVI, Section 59, of the Texas Constitution, may provide for:

(1) the control, storage, preservation, and distribution of its water and floodwater and the water of its rivers and streams for irrigation, power, and all other useful purposes;

(2) the reclamation and irrigation of its arid, semiarid, and other land which needs irrigation;

(3) the reclamation, drainage, conservation, and development of its forests, water, and hydroelectric power;

(4) the navigation of its coastal and inland water;

(5) the control, abatement, and change of any shortage or harmful excess of water;

(6) the protection, preservation, and restoration of the purity and sanitary condition of water within the state; and

(7) the preservation and conservation of all natural resources of the state.

(c) The purposes stated in Subsection (b) of this section may be accomplished by any practical means.

clearly results from the previous decisions of this [the Supreme] court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy."

It is, therefore, necessary that this case be remanded to the district court for the convening of the statutory three-judge court required by 28 U.S.C. § 2281.

Reversed and remanded.