STATE of Texas ex rel. Jack O. KIMMONS et al., Appellants,

v.

CITY OF AZLE, Texas, et al., Appellees.

No. 18133.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 4, 1979.

Rehearing Denied Oct. 31, 1979.

Wilbur T. Knape, Hurst, for appellants.

Cantey, Hanger, Gooch, Munn & Collins and S. G. Johndroe, Jr., Fort Worth, for appellees.

OPINION

MASSEY, Chief Justice.

In a proceeding in the nature of *Quo Warranto* the State was denied relief it

sought by a summary judgment granted to defendants/respondents City of Azle and its officials. The State appealed.

We affirm.

Giving rise to the complaint of those who are the relators, upon the petition of whom the State (through the District Attorney of Tarrant County) sought and obtained leave to file the suit, was Azle's enactment of a certain ordinance purporting to annex territory which belonged to relators. Attack was upon the authority of Azle, as the home rule city it claimed to be, to annex any territory, let alone that as to which relators held title.

Premise for the contention of the State erroneously lies in its interpretation of the former opinion of this court in *State ex rel. City of Azle v. City of Sanctuary,* 467 S.W.2d 211 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n. r. e.). Interestingly, the State committed itself in that case upon the relation of the City of Azle, and by *quo warranto* proceedings attacked another municipality's incorporation as such. Here the State has committed itself upon the relation of certain individual relators and by *quo warranto* proceedings has attacked Azle's corporate existence, including its existence as a home rule city since an election held on April 3, 1971.

To be recognized is the fact that in *quo warranto* proceedings the presence of the relators along with the State is of no consequence in material aspect, for the *real* party is the State. Relators have no authority to bring suit nor to appeal from any adverse judgment in a case where there might be attack on ground of failure to follow statutory provision of law as in establishing territorial limitations, etc. and no more, for in such a case it would be the exclusive province of the State pursuant to *quo warranto* proceedings. *Walling v. North Central Texas Mun. Water Auth.,* 162 Tex. 527, 348 S.W.2d 532 (1961); 47 Tex.Jur.2d, *Quo Warranto,* §§ 2, 4, 15, 27 (1963) and others of the sections indicative that, at most, the relators are mere nominal parties in a case where the questions involved are not such as engage individual

rights as distinguished from their rights as members of the general public. One result of this is that, insofar as the instant case is concerned, propriety of the summary judgment of the trial court is tested exactly as though none other than the State had challenged Azle. Furthermore, the same rule applies to that case already mentioned, *State ex rel. City of Azle v. City of Sanctuary,* 467 S.W.2d 211. There, and by the decision in that case, Azle is no way bound, although the State might be.

However, in *State ex rel. City of Azle* it must be noticed that the State was encumbered with "the laboring oar" and was obliged to establish facts entitling it to prevail as against the *City of Sanctuary.* One of the facts it was obliged to establish and have found in the case, as a predicate to any right to relief, was exhibited in our earlier opinion where it was stated: In order to prevail in this cause it was essential for the State to establish that Azle was a city under the Municipal Annexation Act, i. e., under Art. 970a, § 2, subd. A, of which defines a city as an incorporated city, town or village. This it failed to so. It did not allege that Azle was incorporated. Azle's City Secretary testified that Azle was not incorporated.

On the foregoing: It is obvious that the testimony of the Secretary that Azle (in 1969) was not incorporated is, as applied to the instant litigation, both inconclusive and immaterial. Azle was a relator in that earlier case. If there was no other testimony in that case perhaps the State, the real party, became bound; but if so it was bound to City of Sanctuary, under conditions existent at time of the trial, and not to Azle. There the parties adversary were the State and City of Sanctuary. In the instant case the parties adversary are the State and Azle. Furthermore, on its face the opinion of this court in such earlier case shows that the reason the State was held to have failed to establish any right to relief was its failure to prove that Azle was a city. Without that fact proved there was absence of proof Azle had any authority as an incorporated municipality so as to pos-

sess authority as such under the Municipal Annexation Act, etc. The case stands for no more than this. In the instant litigation against Azle, the State can claim no benefit from its failure to prevail in its earlier case against another municipality upon the relation of Azle. Language of the Justices of our Supreme Court in the case discussed in the paragraph to follow make this fact plain and clear.

State, through its Attorney General, opposed Azle upon an occasion subsequent to *State ex rel. City of Azle,* the decision in which was made by this court on April 23, 1971. Six months later, on October 20, 1971, (in *City of Azle v. Martin,* 474 S.W.2d 687 (Tex.1971)), there was the decision of a suit by Azle to have the court mandamus Crawford C. Martin, in his official capacity as the State's Attorney General, to approve the issuance of Azle's revenue bonds. The Supreme Court held that, despite the decision on April 23, 1971, (by this court in *State ex rel. City of Azle*), Azle was and had been continuously since the occurrence of events of 1958 set out in the opinion, a duly incorporated city, first as a general law city and then, later, as a home rule city (on September 21, 1971). Without mentioning the events set forth by the Supreme Court opinion of October 20, 1971, save the fact that they included references to validating legislation relative to Azle's incorporation, such court established the fact of Azle's existence as a duly incorporated city and as a home rule city when its home rule charter was adopted (Azle ordinance of adoption was September 21, 1971), pursuant to Texas' home rule amendment, Tex.Const. art. XI, § 5. We think it not to be doubted that, except founded upon a premise of some change of circumstances or conditions material to the question of Azle's continued existence as a home rule city, (and even in a summary judgment case it would be necessary to be established by evidence of the State—in the event it would challenge the fact)—the Azle status as an incorporated home rule city would be presumed to have continued to persist from and after October 20, 1971.

In the discharge of its summary judgment burden Azle perhaps went much further than required by law in view of the Supreme Court opinion in *City of Azle v. Martin* (on October 20, 1971). By affidavit and authenticated records it not only established all those things established for the benefit of the Supreme Court but went even further. There was proved a succession of ordinances by Azle authorizing issuance of municipal bonds which were approved by subsequent Attorneys General; ordinances of annexation and disannexation in alteration of municipal boundaries; and instruments of agreement with neighboring municipalities resolving questions which might otherwise exist relative to extra-territorial jurisdiction, etc. Azle also cited the trial court to the several validation Acts by the Legislature during its many sessions since the Supreme Court opinion on October 20, 1971. These validated Azle's incorporation and annexations. We specifically notice Tex.Rev.Civ.Stat.Ann. art. 1174a–9 (1973), "Validation of adoption of charter; elections; governmental proceedings"; Tex. Rev.Civ.Stat.Ann. art. 717k–5 (1975), "Validation of contracts, warrants and refunding bonds authorized by counties, cities or towns". Relative thereto the State is bound.

Despite the foregoing, the State attacks Azle's existence, particularly its existence as a home rule city. In the event Azle be held to exist as a home rule city, then State challenges the existence of a boundary sufficient to serve as the base from which annexation of territory could be made to take in relators' lands. This will be later discussed.

State's contention is that population of Azle at time of the election of April 3, 1971, was less than 5,000, the number of inhabitants necessary for there to be a valid election of adoption of the home rule amendment. It charges bad faith in the necessarily implied representation upon the sufficiency of population. Furthermore, State charges that for the instant summary judgment proceedings it was the burden of Azle to establish as part of its summary judgment proof that there was, at time of the

election, the requisite number of inhabitants, or, that Azle establish that on a hearing on the merits the State would be unable to prove a deficiency in the number of inhabitants at the material time. It is because of this there is contention Azle was not entitled to its judgment.

Apart from the fact of legislative validations heretofore mentioned there are other reasons why the contention of the State has no merit. Tex.Rev.Civ.Stat.Ann. Vol. 9, "Election Code", prescribes by art. 9.30 "Other contested elections" (1967), that if there be contests of validity and regularity in instances of elections to adopt the home rule amendment, just as in a would be true in instances where there are persons contesting the validity of elections for county offices, the litigation of the questions are to be before district courts in the same manner and under the same rules, as far as applicable, as prescribed by other articles specified. Among these is Tex.Rev.Civ. Stat.Ann. art. 9.03, Vol. 9, "Election Code", at art. 9.03, "Notice of contest" (1967). There is provided that in case of contest of an election he who would desire to attack by proceedings in the district court shall, within thirty (30) days after the return day of election, give written notice thereof, which notice shall state the ground upon which the contestant relies to sustain his contest.

▉ In the case before us the summary judgment evidence of Azle suffices to establish regularity of the election on April 3, 1971. In other words its evidence establishes its compliance with the requisite (if to be deemed as required) that it have the sufficient qualification by population for a valid election on the home rule amendment. Thus, even if timeliness of protest were not a question it would have become the burden of any contestant to introduce proof that there was not the requisite qualification by population for valid election. Here no such summary judgment evidence was presented by the State. By proceedings hypothesized summary judgment against the State would have been proper had the contest been in time. In the instant case even if State had

raised the matter of population as an issue for trial it would come too late—for there was no contest of validity of the election within thirty (30) days after the return day of the Azle election. We hold the provision as to time to be mandatory and jurisdictional.

▉ Having so held it is obvious that the State lacked the authority to make the attack and that the district court lacked the jurisdiction to consider the attack desired to be made. This is so because an election contest is a cause of action which can be created by statute only, as applied to which any contestant is required to comply therewith, and the judicial power to consider such a contest exists only by and to the extent authorized by statute. 26 Am.Jur.2d p. 150, "Elections", § 329 "(Contests—Jurisdiction and Venue)—Courts" (1966). *Johnson v. Stevenson,* 170 F.2d 108, (5th Cir. 1948, cert. denied), 336 U.S. 904, 69 S.Ct. 491, 93 L.Ed. 1069; *Bassel v. Shanklin,* 183 S.W. 105 (Tex.Civ.App.—Austin 1916, no writ), and the authorities therein cited.

▉ We also believe the State's contention to be barred by law by the doctrine of *res adjudicata* because of the Supreme Court action in *City of Azle v. Martin;* this despite the fact that our district courts are by the Election Code vested with the exclusive jurisdiction in instances where there are election contests.

▉ We furthermore take occasion to notice that the record reflects the passage of many years since Azle became a home rule city; during this period Azle has functioned as a municipal corporation. It has engaged in taxation, issuance of municipal bonds, and the doing of all those things by municipal citizens through a form of government authorized by the home rule amendment. There would be great harm which would result in the invalidation of the existence and capacity of Azle as such. It therefore would appear that to do so would be contrary to public policy.

On all of the foregoing Azle met its summary judgment burden entitling it to the judgment.

The area annexed, which annexation is challenged by the suit, was adjacent and contiguous to the boundaries of Azle as it existed before the time it became a home rule city. These boundaries were proved by the summary judgment evidence. The complaint of the State on appeal that the area was not adjacent and contiguous is not that it was not such if Azle was truly incorporated at the material times; the ground of complaint is want of that requisite element because Azle was not correctly incorporated. The contention has no merit by what has been heretofore written; because for our purposes Azle was truly incorporated at all material times, either by reason of propriety of incorporation in the first place or because of validation of its incorporation through legislative action. Furthermore, the same was established by judicial decree as a necessary consequence of the Supreme Court decision on October 20, 1971.

From all of the foregoing we hold that Azle's existence as an incorporated home rule city, its boundaries at the material times, its extra-territorial jurisdiction, its annexation authority and propriety of its exercise—all as material to the annexation challenged by the State in this *quo warranto* proceeding—constitute matter upon which Azle has demonstrated the absence of any material issue of fact to be tried.

There is a procedural matter of which the State complains, being abuse of discretion by refusal of the trial court to permit late tendered controverting material to be filed in opposition to Azle's motion for summary judgment. The tender was made after submission of the motion but before judicial decision. That which was tendered was made a part of the record on appeal. We have examined it. We find that it constituted hearsay evidence merely and that had it been received by the trial court would have availed the State nothing. Further, it neither added to nor subtracted from the summary judgment evidence upon which the trial court should act and did act. Under the circumstances the admission of that which was tendered would have availed the State nothing, and the refusal

to admit it could in no event have been injurious. The contention is without merit by Tex.R.Civ.P. 434, the Texas "harmless error rule".

All points of error have been considered; all are overruled.

Judgment is affirmed.